**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| JUSTAN A. GARZA,<br><br>                    Plaintiff,<br><br>       v.<br><br>SOLID WASTE SERVICES INC.,<br><br>                    Defendant. | Civil Action No.: _____<br><br><br>**JURY TRIAL DEMANDED**<br><br>*ELECTRONICALLY FILED* |

## COMPLAINT

Plaintiff, Justan A. Garza, by and through undersigned counsel, Weisberg Cummings, P.C., hereby files this Complaint against Defendant, Solid Waste Services Inc., for violations of the Surface Transportation Assistance Act of 1982 (the "STAA"), 49 U.S.C. § 31105, which protects individuals from unlawful retaliation by their employers, as follows:

## PARTIES

**A.      Plaintiff**

1.      Plaintiff, Justan A. Garza ("Mr. Garza" or "Plaintiff"), is an adult individual and resident of the Commonwealth of Pennsylvania, who currently resides at 2005 East Cumberland Street, Lebanon, Lebanon County, Pennsylvania 17042.

2.      At all times relevant to this Complaint, Mr. Garza was an "employee" within the meaning of the STAA, 49 U.S.C. § 31101.

**B.**     **Defendant**

3.     Defendant, Solid Waste Services Inc., which does business under the tradename J.P. Mascaro & Sons ("Mascaro" or "Defendant"), is a Pennsylvania corporation with a business address of 600 West Neversink Road, Reading, Berks County, Pennsylvania 19606.

4.     Mascaro is an interstate commercial transportation company authorized to operate, transport property and move waste across state lines.

5.     At all times relevant to this Complaint, Mascaro was an "employer" within the meaning of the STAA, 49 U.S.C. § 31101.

## JURISDICTION AND VENUE

6.     Under certain circumstances (*e.g.*, prior to the issuance of a final order from the U.S. Department of Labor), STAA authorizes private parties to "bring an original action at law or equity for *de novo* review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy, and which action shall, at the request of either party to such action, be tried by the court with a jury."  49 U.S.C. § 31105.

7.     Mr.  Garza filed his charge with OSHA on or about September 16, 2025, which was docketed as Case Number 301061552.

8.     Mr. Garza's claim is eligible to be filed in this Court under STAA's kick-out provision because the Secretary of Labor has not issued a final decision and his claim has been filed for more than 210 days.

9.     Subject matter jurisdiction over retaliation claims arising under the STAA is proper pursuant to 28 U.S.C. § 1331.

10.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because Mascaro conducted business operations and provided services within this judicial district, and a substantial part of the events giving rise to Mr. Garza's claims occurred within this district.

## STATEMENT OF FACTS

11.     Mr. Garza was hired by Mascaro in or about the end of July 2025 as a driver of one of Mascaro's residential trash collection trucks, operating out of its Berks County, Pennsylvania division.

12.     On or about August 5, 2025, Mr. Garza's second day of work for Mascaro, and his first day of work following orientation, Mr. Garza was operating a truck along with a trainer and another "helper" (a type of Mascaro employee that rides on the back of residential collection trucks and disposes of the resident's trash into the truck).

13.     That day, Garza reported to the division Office Manager, Joseph Kearse, that the helpers were using marijuana during the day.

14.     Although Mr. Garza was told that the situation was addressed, he continued to observe helpers smoking marijuana on the job and made at least one additional report to management.

15.     On or about August 14, 2025, Mr. Garza was on a training route on truck RE-250, when it broke down at approximately 10:14 A.M.

16.     A mechanic was dispatched to make a road call and address the reported smoke coming from the truck.

17.     Although the mechanic told Mr. Garza that the truck had been repaired, Mr. Garza was directed to drive the truck back to the shop while it was still smoking and in an unsafe condition.

18.     Mr. Garza complained to management that he felt unsafe by being forced to drive a truck in an unsafe condition.

19.     On or about August 25, 2025, Mr. Garza was terminated in retaliation for engaging in protected activity under STAA, including reporting unsafe conditions due to helpers using marijuana while on the job and reporting his concerns about being forced to drive unsafe vehicles.

## COUNT I

### VIOLATION OF STAA
*Retaliation*

20.     The averments in all prior paragraphs are incorporated by reference as though fully set forth herein.

21.     At all times material herein, Mr. Garza was entitled to the rights, protections, and benefits provided for pursuant to Section 31105 of the STAA.

22.     Mr. Garza was an "employee" and Mascaro was his "employer" pursuant to Section 31101 of the STAA.

23.     Mascaro discharged, disciplined, or discriminated against Mr. Garza, an employee, regarding his terms or privileges of employment.

24.     Mascaro did so because it perceived that Mr. Garza had filed or was about to file a complaint, or had begun or was about to begin, a proceeding related to a violation of a commercial motor vehicle safety or security regulation, standard, or order, in violation of the STAA.

25.     Mascaro's unlawful conduct has caused Mr. Garza to suffer significant damages, including loss of income, out-of-pocket expenses, mental and emotional anguish, and attorney's fees and costs.

4

**WHEREFORE**, Plaintiff, Justan A. Garza, respectfully requests that this Honorable Court enter Judgment in his favor and against Defendant, Solid Waste Services Inc., as follows:

(a)    Finding and declaring that Plaintiff's protected federal rights were violated as set forth in this Complaint;

(b)    Awarding Plaintiff monetary damages, in an amount to be determined at trial, that will fully and fairly compensate the Plaintiff for his injury and losses including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority, pain and suffering, and emotional distress and anguish;

(c)    Awarding Plaintiff punitive damages, in an amount sufficient to punish Defendant and deter others from like conduct;

(d)    Awarding Plaintiff his reasonable attorney fees, expenses, and costs against Defendant;

(e)    Setting a jury trial on all questions of fact or combined questions of law and fact raised by this Complaint; and

(f)    Any other relief that this Honorable Court deems appropriate.

## JURY DEMAND

Plaintiff, Justan A. Garza, demands a trial by jury on all issues triable to a jury as a matter of right.

5

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

May 19, 2026
Date

*/s/ Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*

6